IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2002

## STATE OF TENNESSEE v. KENNETH MAURICE VAUGHN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-C-1405     Steve R. Dozier, Judge**

---

**No. M2001-03091-CCA-R3-CD - Filed January 15, 2003**

---

Defendant, Kenneth Maurice Vaughn, appeals his convictions in the Davidson County Criminal Court for vandalism and aggravated criminal trespass. At his arraignment, Defendant entered a *pro se* plea of not guilty. During a hearing on several pretrial motions, at which Defendant proceeded *pro se*, Defendant signed a written waiver of his right to a trial by jury. After Defendant waived his right to a jury trial, the trial court appointed counsel to represent Defendant and scheduled a bench trial. Following a bench trial, Defendant was convicted as charged, and he received an effective sentence of eleven months and twenty-nine days for each charge, to be served consecutively. In this appeal as of right, Defendant argues that the trial court erred in accepting his jury waiver because he signed the waiver without the assistance of counsel. We conclude that Defendant was not unconstitutionally denied the right to counsel and that he made a valid waiver of his right to a jury trial. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court is Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Ross E. Alderman, District Public Defender; C. Dawn Deaner, Assistant Public Defender; and J. Michael Engle, Assistant Public Defender, Nashville, Tennessee, for the appellant, Kenneth Maurice Vaughn.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Sarah N. Davis, Assistant District Attorney General; and Kristen K. Shea, Assistant District Attorney General; and Christopher R. Buford, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On the afternoon of December 29, 2000, Defendant arrived at the home of his former girlfriend, Stacy Lynn Guesnier, whom he had dated for four years and with whom he had been living until July 27, 2000. Defendant had left behind some personal belongings at Ms. Guesnier's apartment, and he still visited Ms. Guesnier often, but he no longer possessed keys to her apartment. When Defendant arrived at the apartment, he began pounding on the door. Ms. Guesnier told a friend who was visiting her at the time to tell Defendant that she was not home. Defendant continued to pound on the door. He then kicked down the door and entered the apartment. Ms. Guesnier attempted to hide in the hallway, but she realized that Defendant had seen her, and she got up to call the police. When Defendant entered the apartment, he went straight back to the bedroom and began "rummaging" around, looking for his address book. Ms. Gusenier sat on the couch and talked on the phone with the police. Defendant left the apartment, and the police arrived shortly thereafter. Defendant returned to the apartment to speak with the police, and he was arrested. The damage to Ms. Guesnier's door cost $400 to repair.

On July 20, 2001, Defendant was indicted by the Davidson County Grand Jury and charged with vandalism and aggravated criminal trespass. On August 10, 2001, the trial court set Defendant's bond at $10,000 with the condition that Defendant be placed on electronic monitoring. The State filed a motion to revoke, increase, or alter Defendant's bail, alleging that Defendant violated the electronic monitoring conditions. On August 30, 2001, the trial court conducted a hearing on the State's motion. Finding that Defendant failed to pay his electronic monitoring fees and that he tested positive for marijuana use, the trial court revoked Defendant's bond and increased it to $76,000.

On August 22, 2001, Defendant filed three *pro se* motions, including a "Motion for Appointment of Counsel for Consultation." Defendant was arraigned on August 29, 2001. At his arraignment, Defendant requested a hearing on his pretrial motions, but the trial court declined to hear the motions until a later date. Defendant entered a *pro se* plea of not guilty. On September 5, 2001, the trial court heard Defendant's pretrial motions. At the hearing, Defendant stated to the trial court that he wanted his case to be resolved as quickly as possible. The trial court asked Defendant whether he wished to proceed with a jury or waive his right to a jury. Defendant responded, "whichever's more convenient, whichever's gonna be more speedy, sir. I am fully prepared for trial." The trial court then presented Defendant with a jury trial waiver form, which he signed. The form that Defendant signed reads as follows:

> Pursuant to the authority granted by Rule 23, Tenn. Rules of Criminal Procedure, a motion has been made by the defendant to waive a trail [sic] by jurty [sic], which motion the court is pleased to grant.

The defendant makes oath in due frorm [sic] that he/she has been advised by counsel of the constitutional right of every defendant to a trail [sic] by jury, but through this motion, concurred in by the district attorney general and counsel for the defense, [desires] to waive said privilege.

The form bears the signatures of Defendant, the prosecutor, and the trial court. When the trial court presented Defendant with the jury waiver form, the court explained to Defendant, "[t]his is a Waiver of Jury Trial. And we can set this next week. . . . So, if you want to waive the jury, then you can sign that document right there; and we can try to get this case expedited." Defendant signed the waiver, and the trial court then appointed counsel to represent Defendant and scheduled his trial to begin nine days later. Following a bench trial, Defendant was convicted of both counts and sentenced to eleven months and twenty-nine days for each count, to be served consecutively. Defendant was ordered to serve seventy-five percent of his sentence in confinement.

On appeal, Defendant argues that the trial court erred in accepting the written waiver of his right to a jury trial and that he did not execute such waiver knowingly because he was unconstitutionally denied the right to counsel at the time of signing the waiver. We conclude that the written waiver is valid pursuant to Rule 23 of the Tennessee Rules of Criminal Procedure. Furthermore, Defendant, being later represented by counsel, failed to move to withdraw his jury waiver prior to the start of his trial. The waiver indicates that Defendant was advised "by counsel" of his constitutional right to a jury trial. While it is clear that he had no attorney of record representing him in court at the time he executed the waiver, it is equally clear that the waiver sets forth his constitutional right to a trial by jury.

**Right to Counsel**

The Sixth Amendment to the United States Constitution and article I, § 9 of the Tennessee Constitution both guarantee the right to the assistance of counsel at trial and at "'critical stages' of the proceedings 'where counsel's absence might derogate from the accused's right to a fair trial.'" *State v. Martin*, 950 S.W.2d 20, 25 (Tenn. 1997) (quoting *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967)). Tennessee Rule of Criminal Procedure 44(a) reiterates a defendant's right to have "assigned counsel in all matters necessary to the defense and at every stage of the proceedings, unless the defendant executes a written waiver." Tenn. R. Crim. P. 44(a).

Defendant was not denied his right to counsel at trial. As the trial court noted in its order denying Defendant's motion for new trial, "the defendant was represented by counsel at the trial and was only without counsel for the purpose of waiving his right to a jury trial." Defendant contends, however, that because he waived his right to a jury trial without the assistance of counsel, the written waiver is invalid. We agree that a defendant's waiver of a jury trial is indeed a "critical stage" in the proceedings at which a Defendant is constitutionally entitled to have counsel present unless he voluntarily and intelligently waives that right. We also recognize that Defendant was not advised by the trial court of his right to have counsel present at those proceedings, and the record is void of any voluntary and intelligent waiver by Defendant of his right to counsel. We conclude, however,

that the absence of counsel at the September 5, 2001, hearing, during which Defendant waived his right to a trial by jury, does not invalidate the waiver in this case.

The State cites an opinion by the United States Supreme Court in which the Court held that a defendant may voluntarily and knowingly waive his right to a jury trial without the assistance of counsel. "There is nothing in the Constitution to prevent an accused from choosing to have his fate tried before a judge without a jury even though, in deciding what is best for him, he follows the guidance of his own wisdom and not that of a lawyer." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275, 63 S. Ct. 236, 240, 87 L. Ed. 268, 273 (1942). The defendant in that case, however, had refused appointed counsel and insisted on representing himself. *Id.*, 317 U.S. at 270, 63 S. Ct. at 237, 87 L. Ed. at 270. Defendant in this case filed a motion for the appointment of counsel, which was not heard and granted until after he waived a jury in writing.

While Defendant was nevertheless entitled to the assistance of counsel at those proceedings, during which he waived his right to a jury, the trial court was responding to Defendant's own request for a speedy trial. Furthermore, even if the trial court erred by allowing Defendant to proceed *pro se* at those proceedings and Defendant was unconstitutionally denied the benefit of counsel, Defendant had sufficient time with the assistance of counsel during which to move the trial court to withdraw his waiver of a jury trial if he objected to trial court's actions. Defendant's argument, that he was denied the assistance of counsel and that his waiver of a jury trial was invalidly executed, should have been asserted in a motion to withdraw his waiver prior to the commencement of his trial. A defendant should not be allowed to take advantage of the errors which he induced the trial court to commit or which were the natural consequences of his neglect. *State v. Garland*, 617 S.W.2d 176, 186 (Tenn. Crim. App. 1981). Defendant insisted on a speedy trial, and only now after his convictions and sentencing, does he complain of having been denied the right to have a jury hear his case.

Although Defendant included the issue in his motion for new trial, he did not argue at the hearing on the motion that he was unconstitutionally denied the right to the assistance of counsel or the right to be tried by a jury. Furthermore, at the hearing on the motion for new trial, Defendant failed to offer any proof that he did not understand the nature or consequences of his waiver or that the absence of counsel at those proceedings prejudiced him.

**Right to Jury Trial**

Article I, § 6 of our state constitution guarantees the right to a trial by jury. As noted by our supreme court, "Of course, it is the prerogative of every criminal defendant to waive his right to trial by jury." *State v. Bobo*, 814 S.W.2d 353, 359 (Tenn. 1991). Should a defendant elect to waive that right, however, the waiver must be made in accordance with the constitutional safeguards and applicable statutes and rules of criminal procedure. *Id.* Rule 23 of the Tennessee Rules of Criminal Procedure provides that "[i]n all criminal cases except small offenses, trial shall be by jury unless the defendant waives a jury trial in writing with the approval of the court and the consent of the district attorney general."

In *State v. Ellis*, 953 S.W.2d 216, 221-22 (Tenn. Crim. App. 1997), this Court held that a defendant must *personally* waive the right to a jury trial in open court for the record and that his lawyer cannot do it in his stead. (Emphasis in original). Formal compliance with Rule 23 demands only that a written waiver is executed by the defendant. This Court recognized that a written waiver in compliance with Rule 23 is valid. We noted that in the absence of a written waiver, it is preferred practice for the trial court to "inform the defendant of his right to a trial by jury, the nature of the right, and the consequences of waiving it."

> Specifically, the court should advise the defendant that (1) he is entitled to have twelve members of the community decide his innocence or guilt of the offense(s) charged; (2) the defendant may take part in jury selection; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial.

> *Id*.

Although the trial court did not perform this colloquy with the defendant in this case, a valid written waiver, signed by Defendant and consented to by the prosecutor and the trial court, was executed in satisfaction of the requirements of Rule 23 of the Tennessee Rules of Criminal Procedure. We conclude that Defendant voluntarily relinquished his right to a jury trial.

## CONCLUSION

After a careful review of the entire record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE